IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK INVESTMENTS, INC. | : | NO. 03-4369 |
| Blackhorse Pike and Tilton Road | : | |
| Pleasantville, NJ  08232 | : | |
|         plaintiffs | : | |
| | : | |
|         v. | : | |
| | : | |
| ACE AMERICAN INSURANCE | : | JUDGE EDUARDO C. ROBRENO |
| COMPANY | : | |
| 1601 Chestnut Street | : | |
| Philadelphia, PA  19103 | : | |
| | : | JURY TRIAL DEMANDED |
| ACE INSURANCE LIMITED | : | |
| 28-34 O'Connell Street | : | |
| Sydney, NSW 2000 | : | |
| Australia, | : | |
| | : | |
| HOYT'S CINEMAS CORPORATION | : | |
| One Exeter Plaza | : | |
| Boston, MA 02116 | : | |
| | : | |
|         and | : | |
| | : | |
| CONSOLIDATED PRESS HOLDINGS | : | |
| LTD | : | |
| 6255 Sunset Boulevard | : | |
| Los Angeles, CA  90028 | : | |
|         defendants | : | CIVIL ACTION |

**AMENDED COMPLAINT**

**I.**

**THE PARTIES**

    1.    Frank Investments is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in the State of New Jersey.

2. ACE American Insurance Company is an insurance company organized and existing under the laws of the State of California with its principal place of business in the Commonwealth of Pennsylvania.

3. ACE Insurance Limited is an insurance company organized and existing under the laws of Australia with its principal place of business in Sydney, Australia.

4. ACE American Insurance Company and ACE Insurance Limited are collectively referred to herein as "ACE."

5. Upon information and belief, Hoyt's Cinemas Corporation ("Hoyt's") is a corporation organized and existing under the laws of the state of Delaware.

6. Upon information and belief, Consolidated Press Holdings is the parent corporation for Hoyt's Cinemas Corporation, with its principle place of business in the United States located in the state of California.

## II.

## JURISDICTION AND VENUE

7. This Court's jurisdiction is based upon 28 U.S.C. §1332 as the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 because a substantial number of the events or omissions giving rise to the claims occurred here.

9. This action is commenced pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*

10.	As is shown below, there is an actual and justiciable controversy between the parties with regard to the coverage provided under the terms of two policies of insurance. A declaratory judgment by this court will affect the rights and interests of the parties.

### III.

### FACTUAL BACKGROUND

#### A.	The Lease Agreement

11.	Frank Investments is the owner of a movie theater complex located in Pleasantville, New Jersey known as the Towne 16 Theater ("the Towne").

12.	Pursuant to a November 1, 1996 Lease Agreement ("the Lease"), Frank Investments leased the Towne to Hoyt's Cinemas Corporation, successor by merger to Stateway Plaza Cinema, Inc. A copy of the Lease is attached hereto as Exhibit "A."

13.	Additionally, Hoyt's acted as a guarantor for the lessee of the premises. See Certification of Frederic L. Shenkman, Esquire, in support of Motion to Transfer Venue in the case of ACE American Insurance Company v. Frank Investments, Inc., Hoyt's Cinemas Corp., et al., No. L-2607-03, Superior Court of New Jersey Law Division, Mercer County, a copy of which is attached hereto as Exhibit "B."

14.	Article 10.1 of the Lease requires Hoyt's to "keep the Building including all improvements and alterations thereto... insured against loss or damage by fire or flood, with the usual extended coverage and all risk endorsements, and such additional insurance coverage as would customarily be carried by owners of movie theatre complex in the locale of the Premises, in amounts not less than one hundred percent (100%) of the full insurable, replacement value…" The Lease also requires such insurance policies to contain, "to the extent applicable, endorsements providing coverage for demolition and debris removal, increased cost of

3

construction, and contingent liability from the operation of building laws, and rental loss coverage."  Furthermore, the Lease states all insurance proceeds will be "negotiated, settled, received, held and disbursed... [for] repair and restoration… ."  See Exhibit "A."

15. Article 10.1 of the Lease further requires Hoyt's to expend the amount of any deductible in connection with any repair or restoration required under the Lease.

16. Pursuant to Article 10.1 of the Lease, the policies of insurance maintained by Hoyt's must name Frank Investments as an insured.

### B. The Policies of Insurance

17. ACE issued to Consolidated Press Holdings Limited, Hoyt's parent company, a commercial property policy of insurance, No. CXD26402700 ("ACE American Policy"), a copy of which is attached as Exhibit "C," and a Summary Master Global Policy, No. 01FX802845 ("ACE Summary Master Global Policy"), a copy of which is attached hereto as Exhibit "D" (collectively "the Policies").

18. The ACE American Policy provides commercial property coverage on an occurrence basis for the period June 30, 2002 through June 30, 2003.

19. The ACE American Policy insures "all risks of direct physical loss or damage to property insured hereunder except as excluded."  ACE American Policy, III.1.

20. The ACE American Policy defines the "Named Insured" to include affiliated, subsidiary and associated companies and corporations of Consolidated Press Holdings Limited. ACE American Policy, §I.2.

21. The rights and obligations of the Named Insured under the ACE American Policy are extended to Frank Investments "as an owner[] of property to the extent of [its] interest in property leased or rented by the Insured," and as an entity with which "the Insured has

contracted prior to the loss to include … as [an] Additional Named Insured[]…" ACE American Policy,

§§I.3. (b) and (c).

22.     Marsh USA, Inc., issued a certificate of insurance identifying Frank Investments as a certificate holder and providing that "Certificate Holder is named as additional insured as respects premises located at 6733 Black Horse Pike, Pleasantville, NJ 08232" under the ACE American Policy.  See Certificate of Insurance, a copy of which is attached as Exhibit "E."

23.     The Certificate of Insurance specifies All Risk Property Replacement Cost Coverage, with the following limits: Building $4,585,500; Contents $2,100,000, Rents $866,150; and Loss of Income $2,165,000.

24.     The ACE Summary Master Global Policy provides umbrella property and business interruption insurance on an occurrence basis for the policy period June 30, 2002 through June 30, 2003.

25.     The ACE Summary Master Global Policy provides coverage to the Named Insureds on a difference in conditions/difference in limits basis in respect to specified insurance policies. ACE Summary Master Global Policy, DIC/DIL Cover.

26.     The ACE Summary Master Global Policy provides coverage to the Insured, Consolidated Press Holdings Limited, for "Various locations in USA," *inter alia,* "where the terms and conditions set forth in this policy are broader in meaning and/or scope than those contained in the [ACE American Policy]."  ACE Summary Master Global Policy, DIC/DIL Cover, Section (d).

27.     Frank Investments is afforded coverage under the ACE Summary Master Global Policy, which defines "Insured" to include subsidiaries of Consolidated Press Holdings Limited

5

and "any other party with a financial, legal or equitable interest in the Property insured for which any of the above has accepted an obligation to insure." ACE Summary Master Global Policy, Insured.

28. The ACE Summary Master Global Policy defines "Property insured" as "Property of every kind and description being the property of or under the control of the Insured or in which they have an insurable interest… or which they have accepted responsibility to insure." ACE Summary Master Global Policy, Property Insured.

29. The ACE Summary Master Global Policy provides coverage, up to AUD $100,000,000[1] for, *inter alia,* "Consequential loss resulting from interruption or interference to the business beginning with the occurrence of damage and ending not later than the limit of the Indemnity Period thereafter, during which the results of the business shall be affected in consequence of loss or damage caused by a peril insured under Section 1." ACE Summary Master Global Policy, Covering, Section 2.

30. Section 1 of the ACE Summary Master Global Policy covers "Loss or damage of any of the Property Insured from a cause not excluded by the Policy." ACE Summary Master Global Policy, Covering, Section 1.

31. Both the ACE USA Policy and the ACE Summary Master Global Policy provide coverage for claim preparation costs, up to a $576,400 and AUD $ 1,000,000[2] sublimit, respectively. The Summary Master Global Policy includes coverage for "Architects, consulting engineers, surveyors, legal and other fees and costs.., including such costs, fees and salaries for preparing any claim." ACE Summary Master Global Policy, Memoranda to Section 1, Paragraph 7.

---

[1] As of July 24, 2003, $100,000,000 AUD had a value of 66,008,000 U.S. Dollars.

32.     All conditions required by the Policies have been performed by Frank Investments and/or waived by ACE.

### C.     The Loss

33.     On September 28, 2002, the Towne was severely damaged by fire ("the Fire").

34.     In addition to physical damage to the buildings, themselves, Frank Investments also sustained loss of use of the property.

35.     Fire is an insured peril under the Policies.

36.     Frank Investments, through its adjuster, Young Adjustment, Inc. ("Young Adjustment"), promptly submitted to ACE a building damage claim, a contents claim, a claim for theater wall covering, fabric and curtains, and a lost rental claim.

37.     ACE retained GAB Robbins North America, Inc. ("GAB Robbins") to adjust Frank Investments' claim.

### Building Damage Claim

38.     On November 8, 2002, Young Adjustment submitted to GAB Robbins a building repair estimate in the amount of $2,123,768.69.  See estimate, a copy of which is attached as Exhibit "F."

39.     After negotiations between Young Adjustment and GAB Robbins, Young Adjustment submitted a revised estimate for the building damage claim in the amount of $1,241,430.23.

40.     By letter dated June 27, 2003, ACE acknowledges that, at a minimum, $1,113,872.00 is owed to Frank Investments on its building damage claim.  See letter of June 27, 2003, a copy of which is attached as Exhibit "G."

---

[2] As of July 24, 2003, $1,000,000 AUD had a value of 660,080 U.S. Dollars.

41. By letter dated July 3, 2003, coverage counsel for Frank Investments demanded that ACE make payment of the undisputed portion of the building damage claim, plus interest, by July 22, 2003. See letter of July 3, 2003, a copy of which is attached as Exhibit "H."

42. Despite its admission of liability, ACE has failed to make payment of even the undisputed amount of the building damage claim.

### Contents Claim

43. On January 9, 2003, Young Adjustment submitted to GAB Robbins a Schedule of Loss for Frank Investments' contents claim in the amount of $411,680.45.

44. To date, ACE has failed to make payment of any portion of the contents claim.

### Claim for Wall Covering, Fabric, and Curtains

45. Young Adjustment has also submitted to GAB Robbins a claim in the amount of $149,556.00 for wall covering, fabric and curtains for the theater property.

46. Pursuant to Section 7.4(a) of the Lease, wall covering, fabric and curtains, which are "attached to the floors, walls or ceilings," become the property of Frank Investments, Inc., upon termination of the Lease, and thus, Frank Investments is entitled to insurance coverage for these items.

47. To date, ACE has failed to make payment of any portion of the claim for wall covering, fabric and curtains.

### Loss Rental Income Claim

48. The Lease between Hoyt's and Frank Investments was for a period of 240 months, commencing November 1, 1996.

49.     By letter dated October 8, 2002, Hoyt's terminated the Lease, relying on Article 11, which provides for termination in the event the property has been substantially damaged or destroyed and the damage is of such character that it cannot reasonably be expected to be repaired and the premises restored within 180 days of the date of the casualty. But for the Fire, the Lease would not have terminated until October 31, 2016.  See letter of October 8, 2002, a copy of which is attached as Exhibit "I."

50.     On December 31, 2002, Young Adjustment wrote to GAB Robbins requesting a partial payment of three months lost rental income in the amount of $275,518.26.  See letter of December 31, 2002, a copy of which is attached as Exhibit "J."

51.     Having heard no response, Young Adjustment again wrote to GAB Robbins on February 10, 2003, again reiterating Frank Investments' request for partial payment.  See letter of February 10, 2003, a copy of which is attached as Exhibit "K."

52.     The value of the rent lost by Frank Investments through August 1, 2003 totals $918,394.20.

53.     ACE has acknowledged that it owes a minimum of $439,020 to Frank Investments for lost rent.  See Exhibit "G."

54.     By letter dated July 3, 2003, coverage counsel for Frank Investments demanded that ACE make payment of the undisputed portion of the lost rent claim, plus interest, by July 22, 2003.  See Exhibit "H."

55.     Despite its admission of liability, ACE has failed to make any payment of Frank Investments' lost rent claim.

**Claim Preparation Costs**

56.   By letter dated July 3, 2003 (Exhibit "H"), counsel for Frank Investments reiterated that Frank Investments was also seeking recovery of its claim preparation costs, which include the fees charged by Young Adjustment and the expenses of coverage counsel whose retention was made necessary by ACE's bad faith failure to honor its obligations under the Policies.

**COUNT ONE**

**FRANK INVESTMENTS v. ACE**

**FOR A DECLARATION OF THE ACE DEFENDANTS'
OBLIGATION TO PAY FRANK INVESTMENTS' CLAIM**

57.   The allegations of Paragraphs 1 through 56 of this Complaint are incorporated by reference herein as fully as though herein set forth at length.

58.   ACE has refused to honor or has disputed or will dispute its obligation to pay Frank Investments for the losses it sustained as a result of the fire.

59.   An actual, immediate, and justiciable controversy exists between Frank Investments and ACE concerning ACE's obligations to pay Frank Investments' claim.

60.   Frank Investments is in need of the Court's assistance in resolving the parties' differing interpretations of the Policies and ACE's obligations thereunder to Frank Investments.

WHEREFORE, Frank Investments respectfully requests that this Court issue a declaration that, under the terms of the Policies at issue here, ACE:

(a)   is obligated to fully reimburse Frank Investments for all loss sustained as a result of the Fire;

(b)   has a duty to reimburse Frank Investments for fees, expenses and costs that it has incurred and will incur in bringing this insurance coverage action; and

(c)  such other relief as the Court deems appropriate.

## COUNT TWO

## FRANK INVESTMENTS v. ACE

### FOR DAMAGES RESULTING FROM
### ACE'S BREACH OF CONTRACT

61. The allegations of Paragraphs 1 through 60 of this Complaint are incorporated by reference herein as fully as though herein set forth at length.

62. ACE, under the Policies at issue herein, agreed to indemnify Frank Investments an additional insured/additional named insured, for losses resulting from the Fire and to reimburse Frank Investments for claim preparation costs.

63. ACE has breached and continues to breach its obligations to Frank Investments by failing to promptly and fairly adjust Frank Investments' claim and failing to make payment of even the undisputed portions of the claim.

64. As a result of these breaches of contract, ACE has deprived and continues to deprive Frank Investments of the insurance benefits to which it is entitled under the Lease and the Policies.

65. As a result of ACE's breaches of contract, Frank Investments has been forced to retain coverage counsel to prosecute the instant lawsuit.

66. Accordingly, ACE is liable to Frank Investments in an amount in excess of $150,000.

WHEREFORE, Frank Investments respectfully request that this Court to:

(a) Award Frank Investments the amount of its covered loss resulting from the Fire;

(b) Award Frank Investments its attorneys' fees and costs relating to the prosecution of the instant action; and

(c) Award Frank Investments such other relief as the Court deems appropriate.

## COUNT THREE

## FRANK INVESTMENTS v. ACE

### FOR COMPENSATORY AND PUNITIVE DAMAGES RESULTING FROM ACE'S BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

67. The allegations of paragraphs 1 through 66 of this Complaint are incorporated by reference herein as fully as though herein set forth at length.

68. Despite repeated requests, ACE has failed to investigate adequately, to promptly and fairly adjust Frank Investments' claim, and to make prompt payment of even the undisputed amounts owed under the Policies.

69. In evaluating its obligations under the Policies, ACE has been less than honest, intelligent, and fair.

70. In evaluating its obligations under the Policies, ACE has failed to accord the interests of Frank Investments the same faithful consideration that it has given its own interests.

71. Although Frank Investments' entitlement to payment of its claim is not fairly debatable, ACE has consciously disregarded the language of the Policies and/or unreasonably or unjustifiably failed to fulfill its contractual obligations.

72. ACE lacked a reasonable basis for denying payment of Frank Investments' claim and knew or recklessly disregarded the fact that it lacked a reasonable basis to do so.

73.     ACE has breached its duty of good faith and acted in bad faith by (a) refusing to reimburse Frank Investments for all of its losses; (b) misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; (c) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (d) refusing to pay claims without conducting a reasonable investigation based on all available information; (e) not attempting in good faith to effectuate prompt, fair and equitable settlement of the claim in which liability has become reasonably clear; (f) compelling Frank Investments to institute litigation to recover amounts due under the Policies by offering substantially less than the amounts ultimately recoverable by Frank Investments; and (g) failing to promptly provide a reasonable explanation of the basis in the Policies in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

74.     It was reasonably foreseeable to ACE that its failure to make payment of Frank Investments' claim would subject Frank Investments to consequential damages, including, but not limited to, the cancellation of the Lease and a lack of cash flow necessary to repair the Towne.

75.     ACE's conduct was willful and/or malicious, and made with reckless indifference to the plight of Frank Investments, Inc.

76.     As a result of ACE's bad faith refusal to meet its contractual obligations under the Policies, Frank Investments is entitled to recover money damages not limited to the policy amounts, costs and payments and all other sums incurred by Frank Investments or which may be incurred, together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees and pre- and post-judgment interest.

WHEREFORE, Frank Investments respectfully demands judgment against ACE as follows:

(a) That this Court adjudge, determine and declare that: (i) ACE is obligated to indemnify Frank Investments for all damages, costs and payments incurred or to be incurred, including all loss of use, lost rent and/or business interruption, and claim preparation expenses, by Frank Investments as a result of the Fire; and that (ii) Frank Investments has the right to full recovery under the Policies;

(b) That this Court order ACE to reimburse Frank Investments for all damages, costs and payments incurred or to be incurred, including all loss of use, lost rent and/or business interruption, and claim preparation costs, by Frank Investments as a result of the Fire;

(c) That this Court adjudge, determine and declare that ACE is liable to pay or indemnify Frank Investments for all damages, costs and payments incurred or to be incurred by Frank Investments as a result of ACE's failure to indemnify and fulfill its obligations to Frank Investments pursuant to the Policies;

(d) That this Court award compensatory damages in excess of $150,000.00, plus punitive damages, attorney's fees, and costs, pre- and post-judgment interest, and such other relief as the Court deems appropriate.

## COUNT FOUR

### FRANK INVESTMENTS v. ACE

#### FOR COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO 42 Pa. C.S.A. §8371

77. The allegations of paragraphs 1 through 76 of this Complaint are incorporated by reference herein as fully as though herein set forth at length.

78. ACE lacked a reasonable basis to deny coverage to Frank Investments and lacked a reasonable basis to make prompt payment of Frank Investments' claim and knew or recklessly disregarded its lack of a reasonable basis.

79. ACE acted with ill will and/or an improper motivation in denying coverage.

80. ACE's denial of coverage was willful and/or malicious, and made with reckless indifference to the plight of its insureds.

81. Accordingly, Frank Investments is entitled to compensatory and punitive damages and to the relief set forth in 42 Pa. C.S.A. §8371, the Pennsylvania Bad Faith Statute.

WHEREFORE, Frank Investments respectfully requests that this Court:

(a) Award its actual damages, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), resulting from ACE's bad faith refusal to make payment of its claim;

(b) Award Frank Investments interest on the amount of the claims from the date of the demand for coverage in an amount equal to the prime rate of interest plus 3%;

(c) Award Frank Investments punitive damages against ACE;

(d) Assess court costs and attorney fees against ACE; and

(e) Award it such other relief as the Court deems appropriate.

## COUNT V

**FRANK INVESTMENTS, INC. v. HOYTS' CINEMAS CORPORATION and CONSOLIDATED PRESS HOLDINGS, LTD**

**INTERFERENCE WITH CONTRACTUAL RELATIONS**

82. The allegations of paragraphs 1 through 81 of this Complaint are incorporated by reference herein as fully as though herein set forth at length.

83.     Pursuant to the lease between Hoyt's and Frank Investments, Inc., Hoyt's was responsible to pay the deductibles under the insurance policies covering the premises. See Exhibit "A" at Article 10.1.

84.     The ACE American Policy, policy No. CXD26402700, contains a deductible provision that provides as follows:

> Deductible: Each claim for loss or damage under this Policy shall be subject to combined Property Damage (PD) and Time Element (TE) deductible amount of: $576,400 except as follows [there are no exceptions].

See Exhibit "C."

85.     Pursuant to the ACE Summary Master Global Policy, policy No. 01FX8028845, the deductible is $1,000,000 per claim, and in addition, Hoyt's carried a self-insured retention ("SIR") of 30% of losses in excess of $1,000,000 up to $10,000,000. This results in a maximum SIR of $4,000,000. See Exhibit "D."

86.     Frank Investments' adjuster, Young Adjustment, has valued Frank Investment's total loss for all claims to exceed the deductible and SIR amounts.

87.     As of this date, Hoyt's and its parent corporation, Consolidated Press Holdings, Ltd., have failed and refused to make payment of the deductibles or SIR due under the insurance policies covering the premises.

88.     As a result of the failure of Hoyt's and its parent corporation, Consolidated Press Holdings, Ltd., to pay the deductibles or SIR under the insurance policies covering the premises, Hoyt's and its parent corporation, Consolidated Press Holdings, Ltd., have interfered with contractual relations between Frank Investments and ACE.

89.     As a result of the interference with contractual relations by Hoyt's and its parent corporations, Consolidated Press Holdings, Ltd., in failing to pay the deductibles or SIR, ACE

has not provided insurance benefits to Frank Investments, and Frank Investments has been deprived of the insurance benefits to which it is entitled under the Policies.

WHEREFORE, Frank Investments respectfully requests that this Court:

(a) Award Frank Investments damages as a result of the interference with contractual relations on the part of Hoyt's Cinemas Corporation, and its parent company, Consolidated Press Holdings, Ltd.;

(b) Award Frank Investments its attorneys' fees and costs relating to the prosecution of this instant action; and

(c) Award Frank Investments such other relief as the Court deems appropriate.

## COUNT VI

### FRANK INVESTMENTS, INC. v. HOYTS' CINEMAS CORPORATION and CONSOLIDATED PRESS HOLDINGS, LTD

### BREACH OF THE INSURANCE POLICIES

90. The allegations of paragraphs 1 through 89 of this Complaint are incorporated by reference herein as fully as though herein set forth at length.

91. The ACE American Policy, policy No. CXD26402700 contains a deductible provision that provides as follows:

> Deductible: Each claim for loss or damage under this Policy shall be subject to combined Property Damage (PD) and Time Element (TE) deductible amount of: $576,400 except as follows [there are no exceptions].

See Exhibit "C."

92. Pursuant to the ACE Summary Master Global Policy, policy No. 01FX8028845, the deductible is $1,000,000 per claim, and in addition, Hoyt's/Consolidated Press Holdings

carried a self-insured retention ("SIR") of 30% of losses in excess of $1,000,000 up to $10,000,000. This results in a maximum SIR of $4,000,000. See Exhibit "D."

93.     Frank Investments' adjuster, Young Adjustment, has valued Frank Investment's total loss for all claims to exceed the deductible and SIR amounts.

94.     As of this date, Hoyt's and its parent corporation, Consolidated Press Holdings, Ltd., have failed and refused to make payment of the deductibles or SIR due under the insurance policies covering the premises.

95.     As a result of the failure of Hoyt's and its parent corporation, Consolidated Press Holdings, Ltd., to pay the deductibles or SIR under the insurance policies covering the premises, they have breached and failed to honor all the conditions for coverage under the Policies to the detriment of Frank Investments, which was a third-party beneficiary to Hoyt's/Consolidated Press Holdings' contract with ACE to pay deductibles.

96.     As a result of the breach of Hoyt's/Consolidate Press Holdings, Ltd., of its contract with ACE to pay deductibles or SIR, and failure to honor the conditions of the Policies, Frank Investments has been deprived of the insurance benefits to which it is entitled under the Policies, since ACE will not provide the benefits under the Policies unless and until Hoyt's provides the deductible payment.

WHEREFORE, Frank Investments respectfully request that this Court:

(a)     Award Frank Investments damages as a result of Hoyt's Cinemas Corporation, and its parent company, Consolidated Press Holdings, Ltd. breach of the insurance policies;

(b)     Award Frank Investments its attorneys' fees and costs relating to the prosecution of this instant action; and

(c) Award Frank Investments such other relief as the Court deems appropriate.

                        BILLET & CONNOR

                By:_____
                    ROBERT DOUGLAS BILLET, ESQUIRE
                    RUSSELL S. MASSEY, ESQUIRE

                    2000 Market Street
                    Suite 2803
                    Philadelphia, PA  19103-3201
                    215-496-7500/fax 7505
                    rbillet@billetandconnor.com

                    Attorneys for plaintiff
                    Frank Investments, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK INVESTMENTS, INC. | : | NO. 03-4369 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ACE AMERICAN INSURANCE | : | JUDGE EDUARDO C. ROBRENO |
| COMPANY, ACE INSURANCE LTD, | : | |
| HOYT'S CINEMAS CORPORATION, | : | JURY TRIAL DEMANDED |
| and CONSOLIDATED PRESS | : | |
| HOLDINGS LTD | : | CIVIL ACTION |

### CERTIFICATION OF SERVICE

I, Russell S. Massey, Esquire, hereby certify that on February 6, 2004, a true and correct copy of the Amended Complaint was served upon the following via fax and regular, first class mail, postage pre-paid:

Jared Stolz, Esquire
Tara Ruggerio, Esquire
METHFESSEL & WERBEL
3 Ethel Road, Suite 300
P.O. Box 3012
Edison, NJ  08818

William H. Black, Jr., Esquire
HECKER BROWN SHERRY
& JOHNSON, LLP
1700 Two Logan Square
Philadelphia, PA  19103

Fredric L. Shenkman, Esquire
COOPER LEVENSON
1125 Atlantic Avenue
Atlantic City, NJ  08401

BILLET & CONNOR

By:_____
ROBERT DOUGLAS BILLET, ESQUIRE
RUSSELL S. MASSEY, ESQUIRE

2000 Market Street
Suite 2803
Philadelphia, PA  19103-3201
215-496-7500/fax 7505
rbillet@billetandconnor.com

Attorneys for plaintiff
Frank Investments, Inc.