IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK INVESTMENTS, INC. | : | NO. 03-4369 |
| Blackhorse Pike and Tilton Road | : | |
| Pleasantville, NJ  08232 | : | |
| | : | |
| v. | : | |
| | : | |
| ACE AMERICAN INSURANCE | : | JUDGE EDUARDO C. ROBRENO |
| COMPANY | : | |
| 1601 Chestnut Street | : | |
| Philadelphia, PA  19103 | : | |
| | : | JURY TRIAL DEMANDED |
| ACE INSURANCE LIMITED | : | |
| 28-34 O'Connell Street | : | |
| Sydney, NSW 2000 | : | |
| Australia, | : | |
| | : | |
| HOYT'S CINEMAS CORPORATION | : | |
| One Exeter Plaza | : | |
| Boston, MA 02116 | : | |
| | : | |
| CONSOLIDATED PRESS HOLDINGS | : | |
| LTD | : | |
| 6255 Sunset Boulevard | : | |
| Los Angeles, CA  90028 | : | |
| | : | |
| NORTHEAST CINEMAS(NJ) LLC, | : | |
| c/o Hoyt's Cinemas Corporation | : | |
| One Exeter Plaza | : | |
| Boston, MA  02116, and | : | |
| | : | |
| HUSH HOLDINGS COMPANY, INC. | : | |
| c/o Hoyt's Cinemas Corporation | : | |
| One Exeter Plaza | : | |
| Boston, MA 02116 | : | |
| | : | |
| v. | : | |
| | : | |
| TIG INSURANCE COMPANY | : | |
| 5205 North O'Connor Blvd., 2nd Floor | : | |
| Irving, TX  75015 | : | CIVIL ACTION |

**SECOND AMENDED COMPLAINT**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK INVESTMENTS, INC. | : | NO. 03-4369 |
| | : | |
| v. | : | |
| | : | JUDGE EDUARDO C. ROBRENO |
| ACE AMERICAN INSURANCE | : | |
| COMPANY, ACE INSURANCE | : | |
| LIMITED, HOYT'S CINEMAS | : | JURY TRIAL DEMANDED |
| CORPORATION, CONSOLIDATED | : | |
| PRESS HOLDINGS LTD, NORTHEAST | : | |
| CINEMAS (NJ) LLC, and HUSH | : | |
| HOLDINGS COMPANY, INC., INC | : | |
| | : | |
| v. | : | |
| | : | |
| TIG INSURANCE COMPANY | : | CIVIL ACTION |

**SECOND AMENDED COMPLAINT**

**I.**

**THE PARTIES**

1.     Frank Investments is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in the State of New Jersey.

2.     ACE American Insurance Company is an insurance company organized and existing under the laws of the State of California with its principal place of business in the Commonwealth of Pennsylvania.

3.     ACE Insurance Limited is an insurance company organized and existing under the laws of Australia with its principal place of business in Sydney, Australia.

4.     ACE American Insurance Company and ACE Insurance Limited are collectively referred to herein as "ACE."

5.      Upon information and belief, Hoyt's Cinemas Corporation ("Hoyt's") is a corporation organized and existing under the laws of the state of Delaware, that is owned in whole or in part by Consolidated Press Holdings LTD, and located at the above address in Massachusetts.

6.      Upon information and belief, Consolidated Press Holdings LTD is the parent corporation of Hoyt's Cinemas Corporation, Northeast Cinemas (NJ), LLC, and/or Hush Holdings Company, Inc., with its principle place of business in the United States located in the state of California.

7.      Upon information and belief, Northeast Cinemas (NJ), LLC ("Northeast Cinemas") is owned in whole or in part by Hush Holdings Company, Inc. and/or Hoyt's Cinemas Corporation, and/or Consolidated Press Holdings LTD, and is located at Hoyt's Cinemas Corporation in Massachusetts.

8.      Upon information and belief Hush Holdings Company, Inc., Inc., is owned in whole or in part by Hush Holdings Company, Inc. and/or Hoyt's Cinemas Corporation, and/or Consolidated Press Holdings LTD, and is located at Hoyt's Cinemas Corporation in Massachusetts.

## II.

## JURISDICTION AND VENUE

9.      This Court's jurisdiction is based upon 28 U.S.C. §1332 as the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10.     Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 because a substantial number of the events or omissions giving rise to the claims occurred here.

11.     This action is commenced, *inter alia*, pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*.

12.     As is shown below, there is an actual, ripe, and justiciable controversy between the parties with regard to the coverage provided under the terms of two policies of insurance.  A declaratory judgment by this court will affect the rights and interests of the parties.

### III.

### FACTUAL BACKGROUND

### A.  The Lease Agreement

13.     At all times relevant hereto, Frank Investments has been, and is, the owner of a movie theater complex located in Pleasantville, New Jersey known as the Towne 16 Theater ("the Towne").

14.     Pursuant to a November 1, 1996 Lease Agreement ("the Lease"), Frank Investments leased the Towne Theater to Stateway Plaza Cinema, Inc., said lease later being with Northeast Cinemas (NJ) LLC, as the corporate successor to Stateway.  See Lease, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "A."

15.     Hoyt's acted as a guarantor for the lessee of the premises.  See Certification of Frederic L. Shenkman, Esquire, in support of Motion to Transfer Venue in the case of ACE American Insurance Company v. Frank Investments, Inc., Hoyt's Cinemas Corp., et al., No. L-2607-03, Superior Court of New Jersey Law Division, Mercer County, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "B."

16.     Hush Holding Company, Inc., also guaranteed the lease between Frank Investments and Stateway Plaza Cinemas, Inc./Northeast Cinemas (NJ) LLC.  <u>See</u> Guarantee of Hush Holding Company, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "C."

17.     Article 10.1 of the Lease requires the lessee to "keep the Building including all improvements and alterations thereto...insured against loss or damage by fire or flood, with the usual extended coverage and all risk endorsements, and such additional insurance coverage as would customarily be carried by owners of movie theatre complex in the locale of the Premises, in amounts not less than one hundred percent (100%) of the full insurable, replacement value…" The Lease also requires such insurance policies to contain, "to the extent applicable, endorsements providing coverage for demolition and debris removal, increased cost of construction, and contingent liability from the operation of building laws, and rental loss coverage."  Furthermore, the Lease states all insurance proceeds will be "negotiated, settled, received, held and disbursed...[for] repair and restoration…."  <u>See</u> Exhibit "A."

18.     Article 10.1 of the Lease further requires the lessee to expend the amount of any deductible in connection with any repair or restoration required under the Lease.  <u>See</u> Exhibit "A."

19.     Pursuant to Article 10.1 of the Lease, the policies of insurance maintained by the lessee are required to name Frank Investments as an insured.  <u>See</u> Exhibit "A."

## B.  The Policies of Insurance

20.    ACE issued to Consolidated Press Holdings LTD, a commercial property insurance policy, policy number CXD26402700 (the "ACE American policy"), a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "D," and a Summary Master Global Policy, No. 01FX802845 ("ACE Summary Master Global Policy"), a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "E" (collectively "the ACE policies").

21.    The ACE American policy provides commercial property coverage on an occurrence basis for the period June 30, 2002 through June 30, 2003.  See Exhibit "D."

22.    The ACE American policy insures "all risks of direct physical loss or damage to property insured hereunder except as excluded."  See Exhibit "D" (ACE American policy §III.1).

23.    The ACE American policy defines the "Named Insured" to include affiliated, subsidiary, and associated companies and corporations of Consolidated Press Holdings LTD. See Exhibit "D" (ACE American policy, §I.2).

24.    The rights and obligations of the Named Insured under the ACE American policy are extended to Frank Investments "as an owner[] of property to the extent of [its] interest in property leased or rented by the Insured," and as an entity with which "the Insured has contracted prior to the loss to include…as [an] Additional Named Insured[]…"  See Exhibit "D" (ACE American policy, §§I.3(b) and (c)).

25.    Marsh USA, Inc., issued a certificate of insurance identifying Frank Investments as a certificate holder and providing that "Certificate Holder is named as additional insured as respects premises located at 6733 Black Horse Pike, Pleasantville, NJ 08232" under the ACE

American policy.  See Certificate of Insurance, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "F."

26.     The Certificate of Insurance specifies All Risk Property Replacement Cost Coverage, with the following limits: Building $4,585,500; Contents $2,100,000, Rents $866,150; and Loss of Income $2,165,000.  See Exhibit "F."

27.     The ACE Summary Master Global Policy provides umbrella property and business interruption insurance on an occurrence basis for the policy period June 30, 2002 through June 30, 2003.  See Exhibit "E."

28.     The ACE Summary Master Global Policy provides coverage to the Named Insureds on a difference in conditions/difference in limits basis in respect to specified insurance policies.  See Exhibit "E" (ACE Summary Master Global Policy, DIC/DIL Cover).

29.     The ACE Summary Master Global Policy provides coverage to the Insured, Consolidated Press Holdings LTD, for "Various locations in USA," *inter alia,* "where the terms and conditions set forth in this policy are broader in meaning and/or scope than those contained in the [ACE American policy]."  See Exhibit "E" (ACE Summary Master Global Policy, DIC/DIL Cover, Section (d)).

30.     Frank Investments is afforded coverage under the ACE Summary Master Global Policy, which defines "Insured" to include subsidiaries of Consolidated Press Holdings LTD and "any other party with a financial, legal or equitable interest in the Property insured for which any of the above has accepted an obligation to insure."  See Exhibit "E" (ACE Summary Master Global Policy, Insured).

31.     The ACE Summary Master Global Policy defines "Property insured" as "Property of every kind and description being the property of or under the control of the Insured or in which they have an insurable interest… or which they have accepted responsibility to insure." See Exhibit "E" (ACE Summary Master Global Policy, Property Insured).

32.     The ACE Summary Master Global Policy provides coverage, up to AUD $100,000,000[1] for, *inter alia,* "Consequential loss resulting from interruption or interference to the business beginning with the occurrence of damage and ending not later than the limit of the Indemnity Period thereafter, during which the results of the business shall be affected in consequence of loss or damage caused by a peril insured under Section 1." See Exhibit "E" (ACE Summary Master Global Policy, Covering, Section 2).

33.     Section 1 of the ACE Summary Master Global Policy covers "Loss or damage of any of the Property Insured from a cause not excluded by the Policy." See Exhibit "E" (ACE Summary Master Global Policy, Covering, Section 1).

34.     Both the ACE USA Policy and the ACE Summary Master Global Policy provide coverage for claim preparation costs, up to a $576,400 and AUD $ 1,000,000[2] sublimit, respectively. See Exhibits "D" and "E." The Summary Master Global Policy includes coverage for "Architects, consulting engineers, surveyors, legal and other fees and costs.., including such costs, fees and salaries for preparing any claim." See Exhibit "E" (ACE Summary Master Global Policy, Memoranda to Section 1, Paragraph 7).

35.     All conditions required by the Policies have been performed by Frank Investments and/or waived by ACE.

---

[1] As of July 24, 2003, $100,000,000 AUD had a value of 66,008,000 U.S. Dollars.

## C.  The Loss

36.     On September 28, 2002, the Towne was severely damaged by fire ("the fire").

37.     In addition to physical damage to the building and its contents, Frank Investments also sustained loss of use of the property, and lost business revenues and profits.

38.     Fire is an insured peril under the ACE policies.

39.     Frank Investments, through its adjuster, Young Adjustment, Inc. ("Young Adjustment"), promptly submitted to ACE a building damage claim and a lost rental claim.

40.     ACE retained GAB Robbins North America, Inc. ("GAB Robbins") to adjust Frank Investments' claim.

## Building Damage Claim

41.     On November 8, 2002, Young Adjustment submitted to GAB Robbins a building repair estimate in the amount of $2,123,768.69.  See Young Adjustment estimate, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "G."

42.     After negotiations between Young Adjustment and GAB Robbins, Young Adjustment submitted a revised estimate for the building damage claim in the amount of $1,241,430.23.

43.     By letter dated June 27, 2003, ACE acknowledged that, at a minimum, $1,113,872.00 is owed to Frank Investments on its building damage claim.  See letter of June 27, 2003, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "H."

---

[2] As of July 24, 2003, $1,000,000 AUD had a value of 660,080 U.S. Dollars.

44.     By letter dated July 3, 2003, counsel for Frank Investments demanded that ACE make payment of the undisputed portion of the building damage claim, plus interest, by July 22, 2003.  See letter of July 3, 2003, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "I."

45.     Despite its admission of liability, ACE failed to ever make an advance payment to fund Frank Investments' clean-up and rebuilding of the property.

46.     Despite its admission of liability, ACE has failed make payment of any amount, including the undisputed amount of the building damage claim.

### Claim for Wall Covering, Fabric, and Curtains

47     Young Adjustment has also submitted to GAB Robbins a claim in the amount of $149,556.00 for wall covering, fabric and curtains for the theater property.

48.     Pursuant to Section 7.4(a) of the Lease, wall covering, fabric and curtains, which are "attached to the floors, walls or ceilings," become the property of Frank Investments, Inc., upon termination of the Lease, and thus, Frank Investments is entitled to insurance coverage for these items.

49.     To date, ACE has failed to make payment of any portion of the claim for wall covering, fabric and curtains.

### Lost Rental Income Claim and Other Business Losses

50.     The Lease was for a period of 240 months, commencing November 1,1996.

51.     By letter dated October 8, 2002, the lessee terminated the Lease, relying on Article 11, which provides for termination in the event the property has been substantially

damaged or destroyed and the damage is of such character that it cannot reasonably be expected to be repaired and the premises restored within 180 days of the date of the casualty.  But for the fire, the Lease would not have terminated until October 31, 2016.  See letter of October 8, 2002, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "J."

52.    On December 31, 2002, Young Adjustment wrote to GAB Robbins requesting a partial payment of three months lost rental income in the amount of $275,518.26.  See letter of December 31, 2002, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "K."

53.    Having heard no response, Young Adjustment again wrote to GAB Robbins on February 10, 2003, again reiterating Frank Investments' request for partial payment.  See letter of February 10, 2003, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "L."

54.    The value of rent lost by Frank Investments since the fire is $81,202.50 per month.  See Exhibit "A."

55.    With fees for common area maintenance, real estate taxes, and telephone, in addition to rent, the value of the lease lost by Frank Investments since the fire is $97,130.33 per month.

56.    As a result of the fire, and the resulting termination of the lease by the lessee, Frank Investments has operated Complex I of the Towne Theatre, and has incurred further business losses, including business interruption losses.

57.     The losses incurred by Frank Investments for lost rent and other business losses is approximately $2,000,000 as of this date, and is growing, as monthly lost rental and other business losses continue to accrue.

58.     ACE has acknowledged that it owes a minimum of $439,020 to Frank Investments for lost rent, but has not paid even that amount.  See Exhibit "H."

59.     By letter dated July 3, 2003, counsel for Frank Investments demanded that ACE make payment of the undisputed portion of the lost rent claim, plus interest, by July 22, 2003. See Exhibit "I."

60.     Despite its admission of liability, ACE has failed to make any payment of Frank Investments' for lost rent and other business losses.

**Claim Preparation Costs**

61.     By letter dated July 3, 2003 (Exhibit "I"), counsel for Frank Investments reiterated that Frank Investments was also seeking recovery of its claim preparation costs, which include the fees charged by Young Adjustment and the expenses of counsel and experts whose retention was made necessary by ACE's bad faith failure to honor its obligations under its insurance policies.  To date, ACE has made not offer of payment of this claim.

**COUNT I**

**FRANK INVESTMENTS v. ACE**

**FOR A DECLARATION OF THE ACE DEFENDANTS'
OBLIGATION TO PAY FRANK INVESTMENTS' CLAIM**

62.     The allegations of paragraphs 1 through 61 of this Second Amended Complaint are incorporated by reference herein as fully as though herein set forth at length.

63.     ACE has refuses to honor, and disputes, its obligation to pay Frank Investments for the losses it sustained as a result of the fire.

64.     ACE refuses to pay Frank Investments without including Consolidated Press Holdings LTD or its subsidiaries or affiliated companies as loss payees.  This is not required under the ACE policies, and ACE has no reasonable basis for not paying Frank Investments solely and directly, without a co-payee.

65.     An actual, immediate, and justiciable controversy exists between Frank Investments and ACE concerning ACE's obligations to pay Frank Investments' claims.

66.     Frank Investments is in need of the Court's assistance in resolving the parties' differing interpretations of the ACE policies and ACE's obligations thereunder to Frank Investments.

67.     Frank Investments is entitled to payment under the ACE policies as a matter of law, but ACE has unreasonably failed to pay.

WHEREFORE, Frank Investments respectfully requests that this Court issue a declaration that, under the terms of the ACE policies at issue herein, ACE:

(a)     is obligated to fully reimburse Frank Investments for all losses sustained as a result of the fire;

(b)     must pay Frank Investments without naming Consolidated Press Holdings LTD or any other company as a co-payee on any payment drafts or checks;

(c)     has a duty to reimburse Frank Investments for fees, expenses, and costs that it has incurred and will incur in bringing this action; and

(d)     such other relief as the Court deems appropriate.

## COUNT II

## FRANK INVESTMENTS v. ACE

## FOR DAMAGES RESULTING FROM
## ACE'S BREACH OF CONTRACT

68.     The allegations of paragraphs 1 through 67 of this Second Amended Complaint are incorporated by reference herein as fully as though herein set forth at length.

69.     ACE, under the insurance policies at issue herein, agreed to indemnify Frank Investments an additional insured/additional named insured, for losses resulting from the fire and to reimburse Frank Investments for claim preparation costs.

70.     ACE has breached and continues to breach its obligations to Frank Investments by failing to promptly and fairly adjust Frank Investments' claim and failing to make payment of even the undisputed portions of the claim.

71.     As a result of these breaches of contract, ACE has deprived and continues to deprive Frank Investments of the insurance benefits to which it is entitled under the Lease and the ACE policies.

72.     As a result of ACE's breaches of contract, Frank Investments has been forced to retain counsel to prosecute the instant lawsuit.

73.     Accordingly, ACE is liable to Frank Investments in an amount in excess of $150,000.

WHEREFORE, Frank Investments respectfully request that this Court to:

(a)     Award Frank Investments the amount of its covered losses resulting from the fire;

(b)     Award Frank Investments its attorneys' fees and costs relating to the prosecution of the instant action; and

(c)     Award Frank Investments such other relief as the Court deems appropriate.

## COUNT III

## FRANK INVESTMENTS v. ACE

## FOR COMPENSATORY AND PUNITIVE DAMAGES RESULTING FROM ACE'S BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

74.     The allegations of paragraphs 1 through 73 of this Second Amended Complaint are incorporated by reference herein as fully as though herein set forth at length.

75.     Despite repeated requests, ACE has unreasonably failed to investigate adequately, to promptly and fairly adjust Frank Investments' claim, and to make prompt payment of even the undisputed amounts owed under the Policies.

76.     In evaluating its obligations under the policies, ACE has been less than honest, intelligent, and fair, and has acted unreasonably in failing to pay Frank Investments' claim.

77.     In evaluating its obligations under the policies, ACE has failed to accord the interests of Frank Investments the same faithful consideration that it has given its own interests.

78.     Although Frank Investments' entitlement to payment of its claim is not fairly debatable, ACE has consciously disregarded the language of the policies and/or has unreasonably or unjustifiably failed to fulfill its contractual obligations in evaluating and refusing to pay Frank Investment's loss.

79.     ACE has lacked a reasonable basis for denying payment of Frank Investments' claim, and has known or has recklessly disregarded the fact that it has lacked a reasonable basis to do so.

80.     ACE has breached its duty of good faith and has acted in bad faith by: (a) refusing to reimburse Frank Investments for all of its losses; (b) misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; (c) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (d) refusing to pay claims without conducting a reasonable investigation based on all available information; (e) not attempting in good faith to effectuate prompt, fair, and equitable settlement of the claim in which liability has become reasonably clear; (f) compelling Frank Investments to institute litigation to recover amounts due under the policies by offering substantially less than the amounts ultimately recoverable by Frank Investments; (g) compelling Frank Investments to spend its own money to rebuild its theatre and business, when money should have been paid by ACE for these purposes; and (h) failing to promptly provide a reasonable explanation of the basis in the policies in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

81.     It was reasonably foreseeable to ACE that its failure to make payment of Frank Investments' claim would subject Frank Investments to consequential damages, including, but not limited to, the cancellation of the Lease, a lack of cash flow necessary to repair the Towne, and Frank Investment having to spend its own money to rebuild its theatre and business.

82.     ACE's conduct was willful and/or malicious, and made with reckless indifference to the plight of Frank Investments, Inc.

83.     As a result of ACE's bad faith refusal to meet its contractual obligations under the policies, Frank Investments is entitled to recover money damages not limited to the policy amounts, costs and payments and all other sums incurred by Frank Investments or which may be

incurred, together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees, pre- and post-judgment interest, and punitive damages.

WHEREFORE, Frank Investments respectfully demands judgment against ACE as follows:

(a)     That this Court adjudge, determine and declare that: (i) ACE is obligated to indemnify Frank Investments for all damages, costs, and payments incurred or to be incurred, including all physical damage, loss of use, lost rent, business interruption, and/or other business losses, and claim preparation expenses, by Frank Investments as a result of the Fire; and that (ii) Frank Investments has the right to full recovery under the policies;

(b)     That this Court order ACE to reimburse Frank Investments for all damages, costs and payments incurred or to be incurred, including all loss of use, lost rent, and/or business interruption, and claim preparation costs, by Frank Investments as a result of the fire;

(c)     That this Court adjudge, determine and declare that ACE is liable to pay or indemnify Frank Investments for all damages, costs, and payments incurred or to be incurred by Frank Investments as a result of ACE's failure to indemnify and fulfill its obligations to Frank Investments pursuant to the Policies;

(d)     That this Court find that ACE has acted in bad faith, and award compensatory damages, interest, attorneys fees, costs and punitive damages, and such other relief as the Court deems appropriate.

**COUNT IV**

## FRANK INVESTMENTS v. ACE

### FOR COMPENSATORY AND PUNITIVE DAMAGES
### PURSUANT TO 42 Pa. C.S.A. §8371

84.     The allegations of paragraphs 1 through 83 of this Second Amended Complaint are incorporated by reference herein as fully as though herein set forth at length.

85.     ACE has lacked a reasonable basis to deny coverage to Frank Investments, has lacked a reasonable basis not to make prompt payment of Frank Investments' claims, and has known or has recklessly disregarded its lack of a reasonable basis.

86.     ACE has acted with ill will and/or an improper motivation in denying coverage.

87.     ACE's denial of coverage has been willful and/or malicious, and has been made with reckless indifference to the plight of Frank Investments.

88.     Accordingly, Frank Investments is entitled to compensatory and punitive damages and to relief as set forth in 42 Pa. C.S.A. §8371, the Pennsylvania Bad Faith Statute.

WHEREFORE, as a result of ACE's bad faith, Frank Investments respectfully requests that this Court:

(a)     Award actual compensatory damages;

(b)     Award interest;

(c)     Award punitive damages;

(d)     Award court costs and attorney fees; and

(e)     Award it such other relief against ACE as the Court deems appropriate.

### COUNT V

17

**FRANK INVESTMENTS, INC. v. HOYTS' CINEMAS CORPORATION,
CONSOLIDATED PRESS HOLDINGS, LTD, NORTHEAST CINEMAS
(NJ) LLC, AND HUSH HOLDINGS COMPANY, INC., INC.**

**BREACH OF LEASE AND GUARANTIES**

89.     The allegations of paragraphs 1 through 88 of this Second Amended Complaint are incorporated by reference herein as fully as though herein set forth at length.

90.     Consolidated Press Holdings LTD, Hoyt's Cinemas Corporation, Northeast Cinemas (NJ), LLC, and Hush Holdings Company, Inc., are hereinafter referred to collectively as the "Hoyt's defendants."

91.     Pursuant to the lease, the lessee was responsible to pay the deductibles under the insurance policies covering the premises.  See Exhibit "A" at Article 10.1.

92.     The ACE American policy, policy No. CXD26402700, contains a deductible provision that provides as follows:

> Deductible: Each claim for loss or damage under this Policy shall be subject to combined Property Damage (PD) and Time Element (TE) deductible amount of: $576,400 except as follows [there are no exceptions].

See Exhibit "D."

93.     Pursuant to the ACE Summary Master Global Policy, policy No. 01FX8028845, the deductible is $1,000,000 per claim, and in addition, Hoyt's carried a self-insured retention ("SIR") of 30% of losses in excess of $1,000,000 up to $10,000,000.  This results in a maximum SIR of $4,000,000.  See Exhibit "E."

94.     Frank Investments' adjuster, Young Adjustment, has valued Frank Investment's total loss for all claims to exceed the deductible and SIR amounts.

95.     As of this date, the Hoyt's defendants have failed and refused to make payment of the deductibles or SIR due under the insurance policies covering the premises, either directly, or by way of the guaranties of Hoyt's and/or Hush Holdings.

96.     As a result of the failure of the Hoyt's defendants to pay the deductibles or SIR under the ACE insurance policies covering the premises, the Hoyt's defendants breached the terms of the lease and the guaranties.

97.     In addition, the Hoyt's defendants have insisted that all payments of claims by ACE be by check made payable to both Hoyt's and Frank Investments, even where Hoyt's has no claim to the item of loss in question (i.e., one that only Frank Investments is entitled to insurance proceeds, such as the building loss and lost rental and business interruption claims that are solely Frank Investments').  There is no provision in the lease or the ACE policies requiring this.  This is further breach of the lease by the Hoyt's defendants in preventing the claims of Frank Investments from being paid insurance money, including deductibles and co-insurance.

98.     On July 2, 2003, the Hoyt's defendants and Frank Investments entered into a settlement agreement, settling certain claims under the lease, but stating that:

> Frank [Investments] and [the Hoyt's defendants] are each free to pursue, at their respective options, insurance claims, if any, arising out of the Fire pursuant to whatever rights it has as delineated in the Towne Lease and under all applicable policies of insurance.

See Settlement Agreement, a true and correct copy of which is attached hereto, made a part hereof, and marked as Exhibit "M" at p. 7.

99.     At all times relevant hereto, the settlement agreement of July 2, 2003 was drafted by the Hoyt's defendants.

100.     Frank Investments' claims against Hoyt's for the insurance deductible and co-insurance/SIR are part of Frank Investments' insurance claims arising out of the Fire as

19

delineated in the Towne Lease, as the deductible and co-insurance/SIR owed by Hoyt's are insurance obligations owed by Hoyt's under the ACE policies.

101.    As a result of the breach of lease and guaranties by the Hoyt's defendants, Frank Investments has been deprived of payment of the deductible and co-insurance/SIR portion of its insurance claims which are required to be paid by Hoyt's.

WHEREFORE, Frank Investments respectfully requests that this Court:

(a)    Award Frank Investments damages to be paid by the Hoyt's defendants in the amount of those portions of Frank Investment's claims required to be covered by the Hoyt's defendants' deductible and co-insurance/SIR;

(b)    Award Frank Investments compensatory damages for breach, including incidental and consequential damages as a result of the Hoyt's defendants failing to pay their deductible and co-insurance/SIR;

(c)    Award Frank Investments its attorneys' fees and costs relating to the prosecution of this instant action; and

(d)    Award Frank Investments such other relief as the Court deems appropriate.

## COUNT VI

**FRANK INVESTMENTS, INC. v. HOYTS' CINEMAS CORPORATION, CONSOLIDATED PRESS HOLDINGS, LTD, NORTHEAST CINEMAS (NJ) LLC, AND HUSH HOLDINGS COMPANY, INC., INC.**

### INTERFERENCE WITH CONTRACTUAL RELATIONS

102.    The allegations of paragraphs 1 through 101 of this Second Amended Complaint are incorporated by reference herein as fully as though herein set forth at length.

103.    As the Hoyt's defendants have failed and refused to pay those portions of Frank Investments' claims covered by the insurance deductible and co-insurance/SIR, the Hoyt's defendants have interfered with contractual relations between Frank Investments and ACE.

104.    As the Hoyt's defendants have insisted that all payments of claims by ACE be by check made payable to both Hoyt's and Frank Investments, even where Hoyt's has no claim to the item of loss in question (i.e., one that only Frank Investments is entitled to insurance proceeds, such as the building loss and lost rental and business interruption claims that are solely Frank Investments'), and even though there is no provision in the lease or the ACE policies requiring this, the Hoyt's defendants have interfered with contractual relations between Frank Investments and ACE.

105.    As a result of the interference with contractual relations by the Hoyt's defendants, ACE has not provided insurance benefits to Frank Investments, and Frank Investments has been deprived of the insurance benefits to which it is entitled under the policies.

WHEREFORE, Frank Investments respectfully requests that this Court:

(a)    Award Frank Investments damages as a result of the interference with contractual relations on the part of the Hoyt's defendants;

(b)    Award Frank Investments its attorneys' fees and costs relating to the prosecution of this instant action; and

(c)    Award Frank Investments such other relief as the Court deems appropriate.

## COUNT VII

## FRANK INVESTMENTS, INC. v. HOYTS' CINEMAS CORPORATION, CONSOLIDATED PRESS HOLDINGS, LTD, NORTHEAST CINEMAS (NJ) LLC, AND HUSH HOLDINGS COMPANY, INC., INC.

## BREACH OF THE INSURANCE POLICIES

106.    The allegations of paragraphs 1 through 105 of this Second Amended Complaint

are incorporated by reference herein as fully as though herein set forth at length.

107.    The ACE American policy, policy No. CXD26402700 contains a deductible

provision that provides as follows:

> Deductible: Each claim for loss or damage under this Policy shall be subject to combined Property Damage (PD) and Time Element (TE) deductible amount of: $576,400 except as follows [there are no exceptions].

See Exhibit "D."

108.    Pursuant to the ACE Summary Master Global Policy, policy No. 01FX8028845,

the deductible is $1,000,000 per claim, and in addition, Hoyt's/Consolidated Press Holdings

carried a self-insured retention ("SIR") of 30% of losses in excess of $1,000,000 up to

$10,000,000.  This results in a maximum SIR of $4,000,000.  See Exhibit "E."

109.    Frank Investments' adjuster, Young Adjustment, has valued Frank Investment's

total loss for all claims to exceed the deductible and co-insurance/SIR amounts.

110.    As of this date, the Hoyt's defendants have failed and refused to make payment of

the deductibles or SIR due under the insurance policies covering the premises.

111.    As a result of the failure of the Hoyt's defendants to pay the deductibles or SIR

under the insurance policies covering the premises, they have breached and failed to honor all

the conditions for coverage under the ACE policies to the detriment of Frank Investments, which

is both an insured under those policies, and a third-party beneficiary to the Hoyt's defendants' insurance contract with ACE to pay deductibles.

112.    As a result of the breach of the Hoyt's defendants of its insurance contract with ACE to pay its deductible or co-insurance/SIR, and failure to honor the conditions of those policies, Frank Investments has been deprived of the insurance benefits to which it is entitled under the ACE policies.

WHEREFORE, Frank Investments respectfully request that this Court:

(a)    Award Frank Investments damages as a result of the Hoyt's defendants' breach of the ACE insurance policies;

(b)    Award Frank Investments the insurance deductible and co-insurance/SIR

(c)    Award Frank Investments its attorneys' fees and costs relating to the prosecution of this instant action; and

(d)    Award Frank Investments such other relief as the Court deems appropriate.

BILLET & CONNOR


By: rb860_____
    ROBERT DOUGLAS BILLET, ESQUIRE
    RUSSELL S. MASSEY, ESQUIRE
    2000 Market Street
    Suite 2803
    Philadelphia, PA  19103-3201
    215-496-7500/fax 7505
    rbillet@billetandconnor.com

    Attorneys for plaintiff
    Frank Investments, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANK INVESTMENTS, INC.     :     NO. 03-4369
     :
     v.     :
     :
ACE AMERICAN INSURANCE     :     JUDGE EDUARDO C. ROBRENO
COMPANY, ACE INSURANCE LTD,     :
HOYT'S CINEMAS CORPORATION,     :     JURY TRIAL DEMANDED
and CONSOLIDATED PRESS     :
HOLDINGS LTD     :     CIVIL ACTION

CERTIFICATION OF SERVICE

     I, Robert Douglas Billet, Esquire, hereby certify that on March 26, 2004, a true and correct copy of the Second Amended Complaint was served upon the following via regular, first class mail, postage pre-paid:

Jared E. Stolz, Esquire     William H. Black, Jr., Esquire
METHFESSEL & WERBEL     HECKER BROWN SHERRY
3 Ethel Road, Suite 300      & JOHNSON, LLP
P.O. Box 3012     1700 Two Logan Square
Edison, NJ  08818     Philadelphia, PA  19103

Fredric L. Shenkman, Esquire
COOPER LEVENSON
1125 Atlantic Avenue
Atlantic City, NJ  08401

BILLET & CONNOR

By: rb860 _____
     ROBERT DOUGLAS BILLET, ESQUIRE
     RUSSELL S. MASSEY, ESQUIRE

     2000 Market Street
     Suite 2803
     Philadelphia, PA  19103-3201
     215-496-7500/fax 7505
     rbillet@billetandconnor.com

     Attorneys for plaintiff
     Frank Investments, Inc.