IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK INVESTMENTS, INC. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| ACE AMERICAN INSURANCE | : | NO.  03-4369 |
| COMPANY, et al. | : | |

**MEMORANDUM OF DECISION**

THOMAS J. RUETER                                          March 16, 2005
United States Magistrate Judge

Presently before the court is the Motion of Third-Party Defendant, TIG Insurance

Company ("TIG"), for Summary Judgment (Doc. No. 67) and the Response of Third-Party

Plaintiffs, Ace American Insurance Co. and Ace Insurance Limited ("Ace") (Doc. No. 68).  For

the reasons that follow, the court grants TIG's motion.  Judgment will be entered in favor of TIG

and against Ace on all claims asserted in the third-party complaint.

I.      **BACKGROUND**

The following facts are undisputed.  The case was instituted by plaintiff, Frank

Investments, Inc., ("Frank Investments"), against Ace for coverage under a policy of commercial

insurance under which Ace insured Frank Investments against, among other things, fire losses.

The Ace policy provided insurance for a number of properties, including two theater buildings

located at 6733 Black Horse Pike, Pleasantville, New Jersey (Policy No. CXD26402700).  On

September 28, 2002, a fire in one of the two theaters caused substantial property damage to the

theater building.  Frank Investments subsequently made a claim under the Ace policy.

On July 25, 2003, Frank Investments filed a complaint against Ace companies for

breach of the insurance contract, alleging that Ace failed to pay all of Frank Investments' claim.

On August 20, 2003, Ace filed an answer to the complaint and also filed a third-party complaint

against TIG.  Ace alleged that TIG issued a commercial property insurance policy to Frank

Investments that covered the period when the fire occurred (Policy No. T7003801891403), and

that TIG should pay for all or part of the damages to the theater caused by the fire.  The third-

party complaint requested an order declaring that the TIG policy is primary to, or concurrent

with, the Ace policy so that the loss should be shared equally between Ace and TIG.

## II.    DISCUSSION

Since Ace filed its third-party complaint against TIG, a number of significant

events occurred in this litigation.  First, in July of 2004, Frank Investments settled its claims

against Ace and all other defendants.[1]  All that remained was the third-party claim by Ace against

TIG.  Second, discovery has been completed and it clearly demonstrates that TIG never insured

the theater that was damaged by the fire.  Therefore, Ace cannot recover from TIG for all or part

of the monies it paid to Frank Investments to settle the claim.

In support of its motion for summary judgment, TIG submitted affidavits from

four individuals that conclusively show that the TIG policy provides no property insurance

coverage for the two theater buildings at 6733 Black Horse Pike, Pleasantville, New Jersey,

including the building where the fire loss took place.

First, Deborah B. Frank, Executive Vice President of Frank Investments, stated

that she had responsibility for obtaining property insurance for properties owned by Frank

---

[1]      Plaintiff also settled its claims against Hush Holdings, Inc., Northeast Cinemas (NJ) LLC, Hoyts Cinemas Corp. and Consolidated Press Holdings, Ltd., who were added as defendants in a Second Amended Complaint filed on March 26, 2004.  The claims against these defendants are not germane to the coverage dispute between Ace and TIG.

Investments.  (Frank Aff. ¶ 1-2).  She stated that the theater damaged by the fire was not insured under the TIG policy, but as of September, 2002, it was insured under the Ace insurance policy. (Frank Aff. ¶ 7-8).  The only premises located at 6733 Black Horse Pike, Pleasantville, New Jersey, insured under the TIG policy was a "storage building and trailer." (Frank Aff. ¶ 7). Accordingly, Frank Investments never made a claim under the TIG policy for damage caused by the fire.  (Frank Aff. ¶ 10).

Second, Stephen Elkins, the insurance agent for Frank Investments who purchased the TIG policy for his clients, stated that the TIG policy did not provide real property coverage for the theater that was damaged by the fire "under the explicit directions of Deborah Frank." (Elkins Aff. ¶ 8).  He emphasized that the TIG policy was not intended to and did not provide property insurance coverage for the two theaters located at 6733 Black Horse Pike, Pleasantville, New Jersey.  (Elkins Aff. ¶ 10).

Third, Keith L. Kingman, Chief Underwriter for TIG, also submitted an affidavit in which he stated that TIG "neither insured nor charged a premium for any insurance coverage for a theater building at Location No. 1."  (Kingman Aff. ¶ 9).  Last, Grace Cunningham, Senior Underwriter for K&K Insurance Group, Inc., the company responsible for underwriting the TIG Insurance policy issued to Frank Investments, stated that the structures insured for Location No. 1 under the policy, i.e., 6733 Black Horse Pike, Pleasantville, New Jersey, were described in the "Schedule of Locations and Statement of Values for Frank Investments, Inc." submitted by the broker for Frank Investments.  According to the Schedule, coverage was limited at Location No. 1 to the storage building and the trailer building, and no coverage was provided for the theater building.  (Cunningham Aff. 6-11).

This court's own independent interpretation of the TIG policy, including the Schedule of Locations and Statement of Values for Frank Investments, conforms with the views of Ms. Frank, Mr. Elkins, Mr. Kingman and Ms. Cunningham.

In response to the Motion for Summary Judgment, Ace argues that under New Jersey's "reasonable expectations doctrine," the court should find that the TIG policy covered the theater in question because the declaration page of the policy is ambiguous in that it identifies as one of the properties to be insured "Buildings 1-2 located at 6733 Black Horse Pike in Pleasantville, New Jersey 08223." (See Memo. of Law of Ace, at 8). See also Murray v. United of Omaha Life Ins. Co., 145 F.3d 143, 154 (3d Cir. 1998) (noting that under New Jersey law an insurance policy will be interpreted "so as to fulfill the reasonable expectation of the insured.").

However, the fundamental flaw with this argument is that the corporate insured, through its officer, Deborah Frank, and its insurance broker, Stephen Elkins, disavowed any expectation that the TIG policy covered the theater damaged by fire. To refute these sworn declarations under Fed.R.Civ. P. 56, Ace was required to submit contrary affidavits or other proof showing there is a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Ace failed to do this. Accordingly, the court must accept the statements of Ms. Frank and Mr. Elkins as true. Since there is no coverage for the fire damage to the theater under the TIG policy, and Frank Investments Inc. had no reasonable expectation of coverage for this loss, Ace's claims against TIG are meritless. Judgment will be entered in favor of TIG and against Ace.

An appropriate order follows.


BY THE COURT:


_____
THOMAS J. RUETER
UNITED STATES MAGISTRATE JUDGE